UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VIVEK 2024<br>4000 Horizons Drive<br>Columbus, OH 43220<br><br>      Plaintiff,<br><br> v.<br><br>DEPARTMENT OF JUSTICE,<br>441 G St NW, 6th Floor<br>Washington, DC 20530<br><br>      Defendant. | Civil Action<br><br>No._____<br><br><br>**COMPLAINT** |

## INTRODUCTION

1. Plaintiff Vivek 2024 (the "Campaign" or "Plaintiff") brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, as amended, challenging the failure of Defendant, the Department of Justice ("DOJ" or "Defendant")[1], to respond to and fulfill the Campaign's FOIA request for records.

2. The Campaign submitted a FOIA request to DOJ on June 12, 2023.

3. The Campaign's FOIA request seeks documents and records in DOJ's possession related to the decision to bring a federal criminal indictment against former President Donald J. Trump on June 8, 2023. Ex. 1.

4. The Campaign accordingly brings this suit to compel DOJ to immediately respond to the Campaign's FOIA request and promptly disclose all responsive, non-exempt records.

---

[1] All references to "DOJ" in the instant Complaint include its components the Criminal Division ("CRM") and the Office of the Inspector General ("OIG"), unless otherwise stated.

1

**PARTIES**

5. The Campaign was launched on February 21, 2023 by Vivek Ramasamy—a Presidential Candidate in the 2024 Republican Presidential Primary Election.

6. The Campaign is located at 4000 Horizons Drive, Columbus, OH 43220, United States.

7. The Campaign is a person within the meaning of FOIA. *See* 5 U.S.C.S. § 551 ("'[P]erson' includes an individual, partnership, corporation, association, or public or private organization other than an agency.").

8. Defendant DOJ is a federal agency within the meaning of FOIA. *See* 5 U.S.C. § 552(f)(1) ("'[A]gency' as defined in section 551(1) of this title [5 U.S.C. § 551(1)] includes any executive department . . . or other establishment in the executive branch of the Government (including the Executive Office of the President), or any independent regulatory agency.").

**LEGAL STANDARD**

9. FOIA requires a federal administrative agency to promptly make available requested, non-exempt agency records in response to a request that (a) reasonably describes such records, and (b) "is made in accordance with published rules stating the time, place, fees, . . . and procedures to be followed." 5 U.S.C. § 552(a)(3)(A); *see also* 28 C.F.R. § 16.1 *et seq.*

10. FOIA requires federal agencies to respond to a valid request within 20 working days (exempting Saturdays, Sundays, and legal public holidays) after receipt of such request, including notifying the requestor immediately of its determination, the reasons therefore, and the right to appeal any adverse determination. 5 U.S.C. § 552(a)(6)(A)(i).

11. This 20-day time limit may not be tolled by the agency, except (a) that the agency may make one request of the requester for additional information regarding the specifics of the

request and toll the 20-day period while it is waiting for that information; or (b) if it is necessary to clarify with the requester issues regarding fee assessment. 5 U.S.C. § 552(a)(6)(A)(ii). In either case, the agency's receipt of the requester's response ends the tolling period. *Id.*

12. In "unusual circumstances," FOIA allows the 20-day time limit to be extended 10 days by written notice "setting forth the unusual circumstances for such extension and the date on which a determination is expected to be dispatched." 5 U.S.C. § 552(a)(6)(B)(i); *see also* 28 C.F.R. § 16.5(c).

13. If "unusual circumstances" are invoked, the agency must not only provide written notice as detailed above but must also provide the requester "an opportunity to limit the scope of the request so that it may be processed within that time limit or an opportunity to arrange with the agency an alternative time frame for processing the request or a modified request." 5 U.S.C. § 552(a)(6)(B)(ii); *see also* 28 C.F.R. § 16.5(c).

14. "Unusual circumstances" (as used in the context of FOIA) only occur when, to the extent reasonably necessary to the proper processing of the requester's request, the agency would need to (1) search for and collect records from another facility separate from the office processing the request; (2) search for, collect, and properly examine a voluminous amount of records demanded in a single request; or (3) consult with another agency to satisfy the request. *See* 5 U.S.C. § 552 (a)(6)(B)(iii).

15. If the federal agency does not respond to a FOIA request by the statutory deadline, the requester is deemed to have exhausted administrative remedies and may immediately pursue judicial review. 5 U.S.C. § 552(a)(6)(C)(i).

**JURISDICTION AND VENUE**

16. This Court has jurisdiction under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

3

17. Venue lies with this district under 28 U.S.C. § 1391(e)(1) because an agency of the United States is a Defendant.

**FACTS**

18. In early 2022, DOJ opened an investigation into former President Trump's alleged retention of classified documents after his presidency had ended. In August 2022, the FBI searched Mar-a-Lago, which is owned by Donald Trump, and seized 102 purportedly classified documents.

19. In November 2022, Jack Smith was appointed as Special Counsel, leading the investigation into former President Trump's retention of classified documents. A federal grand jury in Washington, D.C. reviewed evidence and heard testimony in the matter. Special Counsel Smith's team then sought an indictment from a grand jury in Florida.

20. On June 8, 2023, former President Trump was indicted and, one day later, that indictment was unsealed, revealing that former President Trump was charged with 37 felonies, including alleged violations of the Espionage Act.

21. On August 1, 2023, former President Trump was again indicted, this time related to alleged crimes related to January 6.

22. On June 12, 2023, the Campaign submitted a FOIA request (the "FOIA Request") to DOJ, Ex. 1, and directed the request via DOJ's online FOIA portal to the Office of the Attorney General, Ex. 2. The FOIA Request sought, *inter alia*, any record or documents that:

    a. Memorialized, discussed, or described plans or considerations by the Department of Justice or any other federal government agency for bringing an indictment against President Donald J. Trump, including records by or between officers or employees of the federal government;

  b. Memorialized, discussed, or described, to or with any non-government third party, the Department of Justice's plans or considerations for bringing an indictment against President Donald J. Trump, including those by or between any non-government third party such as officers, employees, or agents of Arabella Advisors or its clients, including:

    i. the New Venture Fund,

    ii. the Sixteen Thirty Fund,

    iii. the Windward Fund,

    iv. the Hopewell Fund,

    v. projects housed in any of those entities,

    vi. any political party or political committee or agent thereof, and

    vii. Biden for President;

  c. Memorialized, discussed, or described any directive or encouragement, by any officer or employee of a federal government agency, to bring an indictment against President Donald J. Trump;

  d. Memorialized, discussed, or described any directive or encouragement, by any non-government third party, to bring an indictment against President Donald J. Trump; or

  e. Are preparatory materials for meetings provided to any officer or employee of the Executive Office of the President regarding a possible indictment against President Donald J. Trump.

Ex. 1.

23. The Campaign requested the above records within the timeframe of January 20, 2021, through the date that DOJ produces the records.

24. On June 27, 2023, DOJ acknowledged via email that it had received the Campaign's request, Ex. 3, and in an attached June 27, 2023 letter ("June Response Letter") acknowledged that the Campaign's request was received by DOJ on June 12, 2023, Ex. 4. The agency also provided the following case number in the heading of the June Response Letter: FOIA-2023-01399. *Id.*

25. The June Response Letter also indicated that because the FOIA Request "require[s] a search in and/or consultation with another Office," it "falls within 'unusual circumstances.'" *Id.* at 1 (citing 5 U.S.C. 552 § (a)(6)(B)(i)-(iii)). The June Response Letter indicated that because of these circumstances the agency was "extend[ing] the time limit to respond to [the Campaign's] request beyond the ten additional days provided by the statute." *Id.*

26. The June Response Letter also indicated that because the Campaign is also seeking records in the possession of DOJ's Criminal Division ("CRM"), the Federal Bureau of Investigation ("FBI"), and the Office of the Inspector General ("OIG"), DOJ has separately forwarded the FOIA Request to those Department components for processing and direct response to the Campaign. *Id.* To date, the Campaign has not been notified what date CRM, FBI, or OIG received the forwarded request.

27. On July 10, 2023, the FBI sent a letter to the Campaign acknowledging that the portion of the FOIA Request DOJ had forwarded to FBI had been received at FBI Headquarters for processing, though it did not indicate the date that it first received the request. *See* Ex. 5.

28. On July 13, 2023, the FBI sent a letter to the Campaign indicating that the portion of the Campaign's FOIA request that had been forwarded to the FBI was being closed for being "overly broad" and "not provid[ing] enough detail to enable FBI personnel to locate records 'with

6

a reasonable amount of effort.'" *See* Ex. 6 (quoting 28 C.F.R. § 16.3(b)). The FBI indicated that the Campaign has ninety (90) days from the date of this denial to administratively appeal the FBI's decision. *Id.* The FBI did not indicate that any of the other portions of the FOIA Request that have been directed to the Office of the Attorney General, CRM, or OIG have been closed. *See id.*

29. In the FOIA Request, the Campaign emphasized the "time-sensitive nature of this request," and "request[ed] that [DOJ] strictly comply with the 20-day time limit established by FOIA and applicable regulations," pursuant to 28 C.F.R. § 16.5(e) and 5 U.S.C. § 552(a)(6)(A). *See* Ex. 1 at 3.

30. As of July 12, 2023, at the close of business hours, 20 working days (*i.e.*, exempting Saturdays, Sundays, and legal public holidays) had passed since DOJ received the Campaign's FOIA Request. *See* 5 U.S.C. § 552(a)(6)(A)(i).

31. Additionally, as of July 26, 2023, at the close of business hours, 30 working days had passed since DOJ received the Campaign's FOIA Request. *See* 5 U.S.C. § 552(a)(6)(B)(i).

32. To date DOJ has not made or communicated its determination in response to the Campaign's FOIA Request, nor provided any responsive materials, nor explained that responsive materials have been or will be withheld.

**FIRST CLAIM FOR RELIEF**
**(Failure to Comply with Statutory Deadlines in Violation of FOIA)**

33. Plaintiff repeats, re-alleges, and reincorporates the allegations in paragraphs 1–32 as though fully set forth herein.

34. FOIA requires that DOJ provide a final determination within 20 working days after the receipt of the Campaign's FOIA request. 5 U.S.C. § 552(a)(6)(A). This 20-day time limit may be extended an additional 10 working days in the event of "unusual circumstances." 5 U.S.C. § 552(a)(6)(B)(i); *see also* 28 C.F.R. § 16.5(c).

35. More than 30 working days have passed since the Campaign's FOIA request was received and logged by DOJ. *See* Ex. 4.

36. Additionally, FOIA provides that the 20-day period "shall commence on the date on which the request is first received by the appropriate component of the agency, but in any event not later than ten days after the request is first received by any component of the agency that is designated in the agency's regulations under this section to receive requests under this section." 5 U.S.C. § 552(a)(6)(ii).

37. To date, CRM and OIG have not confirmed receipt of the FOIA Request that was forwarded to them. Accordingly, FOIA's 20-day period for the portions of the request that were forwarded to CRM and OIG commenced ten days after the FOIA Request was first received by DOJ, *see* Ex. 4, i.e., on June 27, 2023. More than 20 working days have passed since June 27, 2023.

38. To date, DOJ, including its components CRM and OIG, has not provided a final determination in response to the Campaign's FOIA Request, nor has it communicated when the Campaign can expect its request to be processed.

39. The DOJ (including its components CRM and OIG)[2] has failed to make a timely determination in response to the Campaign's FOIA Request, in violation of FOIA. *See* 5 U.S.C. § 552(a)(6).

40. All administrative remedies required by FOIA have therefore been constructively exhausted. *See* 5 U.S.C. § 552(a)(6)(C)(i).

---

[2] Because the FBI has closed the portion of the FOIA Request that was forwarded to it by DOJ, *see* Ex. 6, the Campaign does not include an allegation that the FBI failed to comply with FOIA's statutory deadlines in the instant Complaint.

## SECOND CLAIM FOR RELIEF
### (Unlawful Withholding of Agency Records in Violation of FOIA)

41. The allegations in paragraphs 1–32 are expressly incorporated herein as if restated in full.

42. FOIA requires DOJ to process records requests and promptly provide the requested records or the reasonably segregable portion of records not subject to a FOIA exemption. 5 U.S.C. § 552(a)(3)(A).

43. To date, DOJ (including its components CRM and OIG)[3] has neither provided nor made available any responsive documents in response to the Campaign's FOIA Request, nor has the DOJ claimed that any responsive records are exempt from disclosure.

44. Therefore, DOJ's failure to promptly produce requested records or claim applicable exemptions violates FOIA. 5 U.S.C. § 552(a)(3)(A).

## PRAYER FOR RELIEF

Plaintiff respectfully requests that the Court:

A. Declare that DOJ (including its components CRM and OIG) failed to make and communicate a timely determination regarding the Campaign's FOIA Request, in violation of FOIA, 5 U.S.C. §§ 552(a)(6)(A)(i), 28 U.S.C. § 2201;

B. Declare that DOJ failed to promptly provide records responsive to the Campaign's FOIA Request, in violation of FOIA, 5 U.S.C. § 552(a)(3), 28 U.S.C. § 2201;

C. Order DOJ to immediately conduct a reasonable search for all responsive records and demonstrate that it employed search methods reasonably calculated to uncover all records responsive to the FOIA Request as required by FOIA, 5 U.S.C. § 552(a)(3)(C);

---

[3] Because the FBI has closed the portion of the FOIA Request that was forwarded to it by DOJ, *see* Ex. 6, the Campaign does not bring this allegation against the FBI in the instant Complaint.

  D. Order DOJ to immediately provide a determination regarding the Campaign's FOIA Request as required by FOIA, 5 U.S.C. § 552(a)(6)(A)(i), and produce a *Vaughn* index of any responsive records withheld under claim of exemption, *see Judicial Watch, Inc. v. FDA*, 449 F.3d 141, 145–46 (D.C. Cir. 2006);

  E. Order DOJ to promptly make available to the Campaign all responsive, non-exempt records, as required by FOIA, 5 U.S.C. § 552(a)(3);

  F. Maintain jurisdiction over this action to ensure that DOJ produces all non-exempt responsive records to the Campaign, and that any non-exempt portions of responsive records are not improperly withheld;

  G. Award reasonable attorneys' fees and allowable costs, including under 5 U.S.C. § 552(a)(4)(E); and

  H. Grant the Campaign such other and further relief to which it is justly entitled at law and in equity.

Dated: August 1, 2023

Respectfully submitted,

/s/ Phillip M. Gordon
Phillip M. Gordon (D.C. Bar No. 1531277)
**HOLTZMAN VOGEL BARAN TORCHINSKY & JOSEFIAK, PLLC**
15405 John Marshall Highway
Haymarket, VA 20169
Phone: (540) 341-8808
Fax: (540) 341-8809
pgordon@holtzmanvogel.com

Stephen P. Roberts (D.C. Bar No. 989338)
2300 N Street, NW, Suite 643A
Washington, DC 20037

sroberts@holtzmanvogel.com

Brennan Bowen (AZ Bar No. 36639)*
2575 East Camelback Rd, Ste 860
Phoenix, AZ 85016
Phone: (602) 388-1262
bbowen@holtzmanvogel.com

*Counsel for Plaintiff*
**Pro Hac Vice* motion forthcoming