UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

VIVEK 2024,

    *Plaintiff*,

v.

DEPARTMENT OF JUSTICE,

    *Defendant.*

No. 1:23-cv-02228-ACR

## ANSWER

Defendant the Department of Justice ("DOJ"), through the undersigned counsel, hereby answers the numbered paragraphs of the Complaint, ECF No. 1, as follows:

1. Paragraph 1 consists of a characterization of this action to which no response is required.

2. Defendant admits that Plaintiff submitted a written request, dated June 12, 2023, to the Office of Information Policy.

3. Paragraph 3 consists of Plaintiff's characterization of its request for records, to which no response is required. To the extent a response is required, the Court is respectfully referred to Exhibit 1 of the Complaint.

4. Paragraph 4 consists of a characterization of this action to which no response is required.

5. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

6. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

1

7. Paragraph 7 consists of a legal conclusion to which no response is required.

8. Admitted.

9. Paragraph 9 consists of a legal conclusion to which no response is required.

10. Paragraph 10 consists of a legal conclusion to which no response is required.

11. Paragraph 11 consists of a legal conclusion to which no response is required.

12. Paragraph 12 consists of a legal conclusion to which no response is required.

13. Paragraph 13 consists of a legal conclusion to which no response is required.

14. Paragraph 14 consists of a legal conclusion to which no response is required.

15. Paragraph 15 consists of a legal conclusion to which no response is required.

16. Paragraph 16 consists of a legal conclusion to which no response is required.

17. Paragraph 17 consists of a legal conclusion to which no response is required.

18. Paragraph 18 purports to characterize an ongoing criminal matter, to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to the public indictment filed on July 27, 2023, available at https://www.justice.gov/storage/US-v-Trump-Nauta-De-Oliveira-23-80101.pdf.

19. Paragraph 19 purports to characterize an ongoing criminal matter, to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to the public indictment filed on July 27, 2023, available at https://www.justice.gov/storage/US-v-Trump-Nauta-De-Oliveira-23-80101.pdf, and the announcement appointing Jack Smith as Special Counsel, available at https://www.justice.gov/d9/press-releases/attachments/2022/11/18/2022.11.18_order_5559-2022.pdf.

20. Paragraph 20 purports to characterize an ongoing criminal matter, to which no response is required. To the extent a response is required, Defendant respectfully refers the Court

to the public indictment filed on July 27, 2023, available at https://www.justice.gov/storage/US-v-Trump-Nauta-De-Oliveira-23-80101.pdf.

21. Paragraph 21 purports to characterize an ongoing criminal matter, to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to the public indictment filed on August 1, 2023, available at https://www.justice.gov/storage/US_v_Trump_23_cr_257.pdf.

22. Paragraph 22 and its subcomponents consist of Plaintiff's characterization of its request for records, to which no response is required. Defendant respectfully refers the Court to Exhibits 1 and 2, appended to the Complaint, for a complete and accurate recitation of their contents.

23. Paragraph 23 consists of Plaintiff's characterization of its request for records, to which no response is required. Defendant respectfully refers the Court to Exhibit 1, appended to the Complaint, for a complete and accurate recitation of its contents.

24. Defendant admits that the Office of Information Policy acknowledged that Plaintiff's request was received on June 12, 2023 and provided a case number of FOIA-2023-01399. Defendant respectfully refers the Court to Exhibits 3 and 4, appended to the Complaint, for a complete and accurate recitation of their contents.

25. Paragraph 25 characterizes a June 27, 2023 letter, appended to the Complaint at Exhibit 4, to which the Court is respectfully referred for a complete and accurate recitation of its contents.

26. Paragraph 26 characterizes a June 27, 2023 letter, appended to the Complaint at Exhibit 4, to which the Court is respectfully referred for a complete and accurate recitation of its

contents. Defendant otherwise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

27. Paragraph 27 characterizes a letter, appended to the Complaint at Exhibit 5, to which the Court is respectfully referred for a complete and accurate recitation of its contents.

28. Paragraph 28 characterizes a letter, appended to the Complaint at Exhibit 6, to which the Court is respectfully referred for a complete and accurate recitation of its contents.

29. Paragraph 29 characterizes Plaintiff's request, appended to the Complaint at Exhibit 1, to which the Court is respectfully referred for a complete and accurate recitation of its contents.

30. Admitted that as of this filing, 20 working days have passed since DOJ received Plaintiff's FOIA request.

31. Admitted that as of this filing, 30 working days have passed since DOJ received Plaintiff's FOIA request.

32. Defendant admits that it has not yet provided a substantive response to Plaintiff's FOIA request.

33. Defendant repeats and reincorporates its answers as set forth herein.

34. Paragraph 34 consists of a legal conclusion to which no response is required.

35. Admitted.

36. Paragraph 36 consists of a legal conclusion to which no response is required.

37. The Criminal Division admits that as of this filing, it has not confirmed receipt of Plaintiff's FOIA request, and the Office of the Inspector General denies that it has not confirmed receipt of Plaintiff's FOIA request. The remaining allegations in this paragraph consist of a legal conclusion to which no response is required.

38. Admitted as to the Office of Information Policy, the Criminal Division, and the Office of the Inspector General. Denied as to the Federal Bureau of Investigation.

39. Paragraph 39 consists of a legal conclusion to which no response is required.

40. Paragraph 40 consists of a legal conclusion to which no response is required.

41. Defendant's answers to the above-referenced paragraphs are expressly incorporated herein as if restated in full.

42. Paragraph 42 consists of a legal conclusion to which no response is required.

43. Admitted.

44. Denied.

The remaining paragraphs of the Complaint contain Plaintiff's requested relief, to which no response is required. To the extent a response is deemed required, Defendant denies that Plaintiff is entitled to any relief. Defendant hereby denies all allegations of the Complaint not expressly admitted or denied above.

## **DEFENSES**

1. Plaintiff is not entitled to compel the production of responsive records that are exempt or excluded from disclosure under FOIA or the Privacy Act, 5 U.S.C. §§ 552(b), 552a.

2. The Court lacks subject matter jurisdiction, to the extent that Plaintiff's request for relief exceeds the relief authorized under FOIA. 5 U.S.C. § 552.

Dated: September 7, 2023

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

ELIZABETH J. SHAPIRO
Deputy Branch Director

*/s/ Sarah M. Suwanda*
SARAH M. SUWANDA
Trial Attorney (D.C. Bar No. 1685531)
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, D.C. 20005
Tel.: (202) 305-3196
E-mail: sarah.m.suwanda@usdoj.gov

*Counsel for Defendant*